**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**COURT FILE NO.: CV 01-1883 DSD/SRN**

---

Lisa Domzalski, on behalf
of herself and all others
similarly situated,

Plaintiff,

-vs-

Coldata Inc.,

Defendant.

---

**ORDER GRANTING FINAL APPROVAL**
**OF CLASS SETTLEMENT AND DISMISSAL OF THE DEFENDANT**

This case comes before the Court on the Joint Motion of plaintiff Lisa Domzalski and defendant Coldata, Inc. for final approval of the Class Action Settlement Agreement and for dismissal of defendant from this action pursuant to the terms of the Class Action Settlement Agreement. The Court being fully advised in the premises of the proposed Class Settlement,

THE COURT HEREBY FINDS:

A. Plaintiff and defendant have entered into a Class Action Settlement Agreement ("Settlement Agreement"). Defendant has denied and continues to deny liability to the plaintiff and the class, and enters into the settlement solely to avoid the expense and inconvenience of further litigation.

B. The Settlement Agreement has been submitted to the Court for final approval



EXHIBIT D

JUN 2 6 2003
JUDGMENT ENTD ______
DEPUTY CLERK ______

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C. Defendant has ceased the practice of sending collection letters in the form of Exhibit 1, 2, and 3 (attached to the complaint) to Minnesota consumers and agrees to not use such letters in the future.

D. Pursuant to the Settlement Agreement, defendant will pay $2,500 to Lisa Domzalski as her statutory damages for her services as class representative and $47,466.00 (1% of defendant's net worth) as statutory damages to be distributed equally among the class members, approximately $18.00 for each of 2,637 class members.

E. Any funds not distributed will be paid as a *cy pres* award to National Consumer Law Center.

F. Defendant will pay all costs of notification and distribution of monies to the class.

G. Defendant will pay costs and reasonable attorneys fees not to exceed $25,500.00, as approved by the Court.

H. The Final Fairness Hearing was held before the Honorable Magistrate Susan R. Nelson, at the U.S. District Court for the District of Minnesota in Courtroom #230 on June 26, 2003 at 2:30pm.

I. 1 person ~~have~~ has opted out of the class. No objections to the Class Action Settlement Agreement were made.

J. The parties have consented to entry of final judgment in this action by the undersigned Magistrate Judge.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is hereby approved. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for plaintiff and defendant and that the terms of the Settlement Agreement are fair, reasonable and adequate to plaintiff and all members of the classes. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

2. Plaintiff Lisa Domzalski and the Class members are forever barred and enjoined from initiating or further prosecuting in any forum whatsoever, including but not limited to any Federal, State, or Foreign Court against defendant, its past or present parents, affiliates, subsidiaries, successors, and assigns, and its respective present or former directors, officers, employees or agents, any and all claims that were asserted in this lawsuit; **except that** any claims that members of the class have filed which were pending as of the date of the commencement of this lawsuit in any state or federal court for damages together with any claims for attorney fees related to such damages are not released or discharged and are specifically reserved.

3. Within thirty (30) days of the date of this Order, defendant shall pay (a) $2,500 to plaintiff Lisa Domzalski as statutory damages and for her services as class representative, and (b) $47,466.00 to the class members as statutory damages to be distributed equally among the class members.

4. Any funds, which cannot be distributed, are awarded as a *cy pres* remedy to National Consumer Law Center for use in consumer representation and/or education.

5. Defendant Coldata, Inc. shall not send letters in the form of Exhibit 1, 2 and 3 attached to the complaint to any Minnesota consumer in the future.

6. Defendant shall pay costs and reasonable attorney fees of $25,500.00 to plaintiff's attorneys.

7. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

8. The Clerk of District Court shall dismiss this action with prejudice, with each party to bear their own costs except as otherwise ordered by the Court.

9. This Order resolves all claims asserted against defendant in this action.

DATE: June 26, 2003

Susan Richard Nelson
SUSAN RICHARD NELSON
UNITED STATES MAGISTRATE JUDGE